NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LISA ANN DEWEESE,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2026-1349

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-01972-DAT, Judge David A. Tapp.

---

**ON MOTION**

---

Before DYK, REYNA, and HUGHES, *Circuit Judges.*

PER CURIAM.

## O R D E R

The United States moves for summary affirmance. Lisa Ann Deweese has not filed a response though she has filed her opening brief.

Ms. Deweese filed a complaint at the United States Court of Federal Claims alleging "Child Protective Services" has violated various statutes including the False

Claims Act. This complaint appears to be related to her earlier complaint, dismissed for lack of subject matter jurisdiction, which sought relief based on child custody proceedings in New Mexico regarding Ms. Deweese's child. *See Deweese v. United States*, No. 2024-1791, 2024 WL 5002116 (Fed. Cir. Dec. 6, 2024). In this case, the Court of Federal Claims similarly dismissed Ms. Deweese's complaint for lack of jurisdiction and failure to state a claim.

Summary affirmance is appropriate where the judgment is "so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Here, the Court of Federal Claims was clearly correct in dismissing Ms. Deweese's complaint at least because she has failed to raise any non-frivolous allegations against the United States. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court[.]"). As that court explained, Ms. Deweese's complaint is directed against "Child Protective Services," which is not a federal entity. *See* Dkt. No. 7 at 2–3 & n.2. Instead, she continues to seek relief against state agencies and officials, which the Court of Federal Claims lacks jurisdiction to consider. *See Deweese*, No. 2024-1791, 2024 WL 5002116 at *2 (citing 28 U.S.C. § 1491).

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted, and the Court of Federal Claims's judgment is summarily affirmed.

(2) Any other pending motions are denied.

DEWEESE v. US                                        3

(3)  Each party shall bear its own costs.

FOR THE COURT



March 20, 2026
Date

Jarrett B. Perlow
Clerk of Court